UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KRISTIN MALLETT** | : | **DOCKET NO. 2:22-CV-04579** |
| **VERSUS** | : | **JUDGE JAMES D CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO., ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion for Summary Judgment on the Issue of No Policy filed by defendants State Farm Fire & Casualty Co. and State Farm General Insurance Co. ("Defendants"). Doc. 8. Pro se plaintiff has not opposed the motion. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the following reasons, it is **RECOMMENDED** that the Motion for Summary Judgment [doc. 8] be **GRANTED** and that this matter be **DISMISSED WITH PREJUDICE.** In the alternative, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and failure to abide by orders of the court.

**I.**
**BACKGROUND**

The firm McClenny Moseley & Associates, PLLC ("MMA") filed this suit on plaintiff's behalf, alleging that plaintiff's property was damaged in 2020 by Hurricanes Laura and Delta and that defendants provided a policy of insurance covering that damage. Doc. 1. In this and 77 other similarly situated suits, defendants Dover Bay Specialty Insurance Company, State Farm Fire and

- 1 -

Casualty Company, and State Farm General Insurance Company filed a single motion alleging that summary judgment was warranted in all of the listed cases because the insurer defendants had never issued a policy of insurance to any of the named plaintiffs.[1]  Doc. 8.

Following receipt of the omnibus motion for summary judgment, the court set a show cause hearing in this and several similar matters to determine whether the MMA attorney signatory to the complaint should be sanctioned, reasoning:

> Should the facts asserted by defendants in their Motion for Summary Judgment prove to be true, then it appears as though sanctions may be in order pursuant to Fed. R. Civ. P. Rule 11(b)(2) in that the claims of the original complaint are not warranted by existing law or under Rule 11(b)(3) in that the factual contentions have no evidentiary support.

Doc. 10.

Plaintiff Kristin Mallett was ordered to attend the show cause hearing in person. *Id.*  Notice of the hearing was mailed to plaintiff directly by the clerk of court and was returned as undeliverable, "Return to Sender."  Doc. 15.  The address used by the clerk for this and subsequent mailings was the address provided by MMA pursuant to the district court's February 28, 2023, order that it provide "[a] spreadsheet or similar electronic report with each client's name, docket number, and all contact information in MMA's possession for that client (including: email, telephone number, and address) . . . ."  Doc. 7.

MMA counsel appeared at the April 26, 2023, show cause hearing and gave evidence on his efforts in connection with plaintiff's complaint.  Doc. 16.  The district judge ordered that counsel be sanctioned because he failed to make personal contact with plaintiff in advance of filing the complaint, failed to review the limited information on file concerning the plaintiff, failed to

---

[1] Movant Dover Bay Specialty Insurance Company is not a party to this suit, and named defendant State Farm Mutual Automobile Insurance Co. is not listed as a movant on the motion for summary judgment.  The motion is supported, however, by affidavit evidence pertaining to all four State Farm affiliates, including non-movant State Farm Mutual Automobile Insurance Co.  Doc. 8, att. 4.

pay personal attention to the preparation of the complaint, and therefore failed to make a satisfactory Rule 11 inquiry into the factual assertions of the complaint. Doc. 22 (adopting Report and Recommendation, doc. 18).

Plaintiff thereafter became a *pro se* litigant by operation of an order of this court dated August 29, 2023, and styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order"). Doc. 23. The Termination Order set an October 4, 2023, status conference that plaintiff was ordered to attend in person. The Termination Order cautioned plaintiff that

> ***Should plaintiff fail to appear for this conference without having retained new counsel or without having sought to dismiss this suit by use of the attachment or otherwise, that failure to appear may result in adverse consequences such as a recommendation by the undersigned to the district court that the case be dismissed for failure of plaintiff to prosecute or abide by court orders.***

*Id.* (emphasis original). The Termination Order also set a deadline for plaintiff to respond to defendants' motion for summary judgment and set the motion for hearing on October 4, 2023. *Id.* Notice mailed to plaintiff was again returned to the court as undeliverable, and plaintiff filed no response to the summary judgment motion. Doc. 24.

The court held the status conference on October 4, 2023, in the Lake Charles Division of the Western District of Louisiana. Doc. 25. Plaintiff did not appear for the status conference as instructed. *Id.* At the hearing, the court refixed the status conference for November 14, 2023, and ordered defendants to search their files for any updated contact information for plaintiff. *Id.* Defendants responded that the only address they have for plaintiff is the one listed in the complaint. Docs. 26. The court also reviewed the information previously produced by MMA in connection with the show cause hearing. Review of that information offered no additional insight into the

existence of Kristin Mallett or her current whereabouts. Plaintiff again failed to appear for the status conference on November 14, 2023. Doc. 28.

Short of appointing the court as investigator to continue to pursue the existence of this plaintiff or her relationship to the property listed or both, something the court declines to do, the court has done all in its power to notify plaintiff of these proceedings. The court has taken every reasonable step to contact the plaintiff and determine whether there is a viable claim associated with plaintiff or the property referenced in the complaint.

## II.
### ANALYSIS

#### A. *Defendants' Motion*

In support of their motion for summary judgment, defendants attach the affidavit of Lisa Michele Deen, Claim Team Manager for all defendants, who states under oath that she has searched the records of all named defendants and none of them had a homeowner's policy in effect for plaintiff individually or the property that is the subject of this lawsuit. Doc. 8, att. 4. Accordingly, defendants request that the court issue summary judgment dismissing all claims against them.

Defendant State Farm Mutual Automobile Insurance Co. is not listed as a movant on the motion for summary judgment. The motion is supported, however, by affidavit evidence pertaining to all four State Farm affiliates, including non-movant State Farm Mutual Automobile Insurance Co. Doc. 8, att. 4. The motion will be treated as pertaining to all claims against all defendants herein.

#### B. *Summary Judgment Standard*

A court shall grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The moving party can meet its summary judgment burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2554 (1986).

If the movant makes this showing, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986) (quotations omitted). "[A] plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of its pleadings." *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984). Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). The court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000).

### C. *Summary Judgment Where Plaintiff has Produced no Policy of Insurance.*

"The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment." *Dixon v. Direct Gen. Ins. Co. of Louisiana*, 2008-0907 (La. App. 1 Cir. 3/27/09), 12 So. 3d 357, 360. "A plaintiff suing on an insurance contract has the burden of establishing the existence of the policy ... and its terms and provisions." *Coleman v. Anco Insulations, Inc.*, 196 F. Supp. 3d 608, 610 (M.D. La. 2016) (alteration original).

Plaintiff is unrepresented and effectively unreachable, so the court assesses this summary judgment motion with special care. Summary judgment may not be appropriate in all circumstances when plaintiff cannot meet the initial burden of proving the existence of a valid

contract of insurance. Louisiana law allows for the possibility that a contract could be "destroyed, lost, or stolen[,]" and proved by alternate means. La. Civ. Code art. 1832. And summary judgment on the existence of an insurance policy could be premature in the context of complex litigation where the coverage provided by known polices is the subject of debate. *See, e.g.*, *Coleman v. Anco Insulations, Inc.*, 196 F. Supp. 3d 608, 610–11 (M.D. La. 2016) (denying insurer's motion for summary judgment as premature where employee plaintiff referenced no policy and insurer attested that it had not issued a policy covering the plant, but plant owner sought more time for discovery on the issue of coverage).

The simplicity of the coverage issue here, however, convinces the court that summary judgment is appropriate in this case because there is just no indication that these defendants issued a relevant policy of insurance. Via affidavit, defendants have borne the initial burden of showing that they issued no policy of insurance covering this plaintiff or property, and plaintiff has not satisfied the burden of showing that a genuine issue of material fact exists on that issue.

The court has provided plaintiff ample time and opportunity to provide the policy of insurance or argue why defendants could be liable for the damages described in the complaint. Plaintiff's complaint neither attaches the alleged policy nor provides a policy number, and far from explaining why the policy is not available, the complaint recounts that defendants, when asked for the policy number, have "either not yet responded or otherwise denied Plaintiff's request for the production of its policy number," a position consistent with their current assertion that no policy ever existed. Doc. 1, ¶¶ 1, 9 n. 1. At the hearings conducted on April 26, 2023, October 4, 2023, and November 14, 2023, plaintiff had opportunities to appear and present evidence. Having failed to do so, plaintiff has failed to "set forth specific facts showing that there is a genuine issue for

trial." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986) (quotations omitted). The undersigned therefore recommends that defendants' motion for summary judgment be granted.

### D. *Alternate Recommendation that the Matter be Dismissed for Failure to Prosecute.*

Alternatively, should the district judge find summary judgment inappropriate, the undersigned recommends dismissal for failure to prosecute. Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs the court to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 370 U.S. 626, 629, 82 S. Ct. 1386, 1388 (1962). Such dismissal is appropriate here.

### IV.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 8] be **GRANTED,** and that this matter and all of plaintiff's claims against State Farm Fire & Casualty Co., State Farm General Insurance Co., and State Farm Mutual Automobile Insurance Co. be **DISMISSED WITH PREJUDICE.**

In the alternative, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and failure to abide by the orders of the court.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 12th day of March, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE